■ In the Matter of ALEX COHEN et al., Appellants, and KEVIN J. O'LEARY et al., Petitioners, against JOSEPH SCHECHTER et al., Constituting the Department of Personnel and the Civil Service Commission of the City of New York, Respondents.— Order, dated February 5, 1959, dismissing petition to review determination of Civil Service Commission unanimously reversed on the law and on the facts, without costs, and the matter remitted to Special Term for trial pursuant to section 1295 of the Civil Practice Act on the issues presented. In this proceeding under article 78 of the Civil Practice Act, petitioners, who took a promotion examination for the position of Captain in the Police Department, claim that they were not treated equally with other candidates. Had they been accorded the same treatment as other candidates, petitioners contend that they would have received a passing grade in part II of the promotion examination and they would have been placed on the eligible list for appointment to the rank of Captain. They allege that all candidates who received a rating between 66% and 69.9% obtained the benefit of a conversion formula which raised their grades to a passing 70%, whereas petitioners did not receive the benefit of the application of that formula because their marks were not placed in the 66% to 69.9% area until 10 months after the promulgation of the eligible list, after they were reviewed and raised because of manifest errors. The commission denies that it granted any candidate extra percentage points so as to raise ratings to the 70% passing mark. It is claimed by the commission that the borderline cases were reviewed and, upon a revaluation, those papers either fell below the 66% mark or were raised to the 70% passing mark. The stark fact is that when the promotion list was promulgated, not one of the candidates received a rating between 66% and 69.9%. While courts are loathe to interfere with the conduct or supervision of civil service examinations, participants will be protected from arbitrary or discriminatory conduct. On the record before us, in which the commission lays more stress on its traditional and general procedures than on that followed in the specific examination, a factual question is posed as to the actual procedure adopted in eliminating all grades between 66% and 69.9%. Only after a hearing at which the authorities involved can be questioned and the particular papers examined, can the issue of whether a conversion formula was used or grades raised after a review of the answers be resolved. Concur — Botein, P. J., Rabin, Valente, McNally and Bastow, JJ.