█ In the Matter of LEO L. MEANEY, Appellant, v. H. ELIOT KAPLAN et al., Constituting the New York State Department of Civil Service, Respondents.— Appeal from an order of the Supreme Court, Broome County, dismissing appellant's petition in a proceeding brought pursuant to article 78 of the Civil Practice Act to review a dismissal of his appeal by the Civil Service Commission from a failing grade on a civil service examination for a fireman's job on the ground that his answers to certain questions were better than the answers of the commission and to compel the commission to produce the questions and key answers involved so that he can prosecute his appeal. Appellant took a civil service examination for fireman on February 17, 1962 and failed with a grade of 74%, 75% being passing. The examination consisted of 80 multiple choice questions with the examinee directed to select the most acceptable answer to each question. Appellant, after examining his paper with his attorney, made formal written objections to three questions asserting that the answers he had given were better than the key answers of the commission. These objections were reviewed by the senior personnel technician and a detailed study of each disputed question prepared illustrating why appellant's contentions were incorrect. When on the basis of these studies the commission found "no manifest error" and dismissed appellant's appeal, the instant proceeding was initiated. Special Term did not compel the production of the questions and answers in this case and dismissed the petition on the ground that petitioner had not set forth facts establishing a legal right to the relief sought. Of course, in a proper case the production of the questions and answers would be required for judicial review. It is clear, however, that a reviewing court may not disturb the wide discretion of the Civil Service Commission in preparing and grading examinations unless it is shown to have acted illegally, arbitrarily or in bad faith (e.g., *Matter of Acosta* v. *Lang,* 18 A D 2d 618). Appellant's petition does not allege such to be the case here, merely averring that his answers are better than the commission's. As the court pointed out in *Matter of Acosta* v. *Lang (supra,* 618): " Where, as here, a petition in an article 78 proceeding attacks the commission's choice of the correct key answers to certain questions of multiple choice type on a promotional examination for a civil service position (here, the position of police sergeant), the petition must show that there is no reasonable basis for the answers selected by the commission as the correct answers. A showing that another answer to the particular question is better, or at least as good, as the key answer selected by the commission, is not sufficient. So long as there is a fair and reasonable basis for the commission's action, the courts will not interfere even though in their judgment or in the judgment of experts another of the listed answers would have been

equally or more acceptable as the proper answer to the question. (*Matter of Anderson* v. *Lang*, N. Y. L. J., Dec. 27, 1961, p. 11, col. 6, affd. 15 A D 2d 880; *Matter of Gilman* v. *Lang*, N. Y. L. J., Feb. 27, 1961, p. 14, col. 2, affd. 15 A D 2d 637; *Matter of Gold* v. *Brennan*, N. Y. L. J., Dec. 19, 1952, p. 1548, col. 5, affd. 281 App. Div. 818; *Matter of Cavanagh* v. *Watson*, 201 Misc. 899, 901, affd. 280 App. Div. 757.) " Accordingly, we find that this petition does not state grounds which if established would warrant the relief sought and was thus properly dismissed. Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.