Jasen, J.
Based on a finding that petitioner suffered or permitted gambling on the licensed premises in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law, the State Liquor Authority suspended petitioner’s restaurant liquor license for 10 days.
At the hearing Patrolman James Restivo, an acknowledged expert on gambling activities, testified that at approximately 10:15 a.m. on September 26, 1967, he entered petitioner’s premises and seated himself at the bar. During the next half hour he observed four patrons approach John Danzo, the chef, working behind the food counter, and engage him in short conversations. Then, “ [t]hey perused a horse paper, the newspaper, the horse page in the newspaper. After each would make notations on a slip of paper, they would hand these slips of paper with money in bill form to the defendant [Danzo] which he would accept.”
The police officer returned to the licensed premises on September 27, 1969, remaining there from 10:50 a.m. to 11:20 a.m. While seated at the bar, he observed six patrons speak to chef Danzo, brother of the owner of the premises. Of the six, four handed Danzo slips of paper. In addition two other patrons, after perusing the horse racing section of the Daily News, wrote out slips of paper and handed them to the chef behind the food counter, together with money in bill form.
On September 29 Officer Restive, armed with a search warrant, returned to the premises with two other officers. He went to the rear of the bar where the two Danzo brothers were standing together. After showing them the search warrant, he observed a paper bag on the lunch counter six to eight inches from John Danzo. In the bag were 137 unsold football pool tickets and two white slips of paper containing 15 wagers on horses.
*473 Patrolman Jay Silverstein, assisting Officer Restivo on September 29, stationed himself at the front portion of the bar where he observed one Gerardo Vasquez, a patron on the premises. Silverstein testified that three unknown men entered the premises at separate intervals, and after conversing briefly with Vasquez in low tones, gave him money in bill and coin form. After each conversation, Vasquez took out a matchbook cover from his pocket on which he wrote down the numbers recited by the unknown persons. Following these three transactions, Vasquez was arrested and a search of his person revealed a cigarette pack wrapper containing 58 horse race bets.
At the hearing, Nicholas Danzo testified he was the sole owner of the premises and that his brother John, a salaried chef, had no interest in the business. He denied permitting any gambling on the premises and said he never saw anyone so engaged. As to Vasquez, he denied knowing him.
The hearing officer concluded that from the testimony presented, he could not find that gambling activities were conducted on the premises with the knowledge of the licensee. He was of the opinion that it was improbable that the officer could identify a newspaper racing page from 35-40 feet away and that generally there was insufficient evidence of gambling.
The appellant Liquor Authority rejected the findings of the hearing officer and sustained the charges, finding that on “ each of the dates set forth in the charge gambling occurred on the licensed premises under circumstances establishing that the licensee knew or should have known of such gambling.” The Appellate Division, by a divided court, annulled the determination.
The crucial issue before us is whether viewing the record as a whole, the determination of the State Liquor Authority is supported by substantial evidence. (Matter of Avon Bar & Grill v. O'Connell, 301 N. Y. 150, 153; Matter of Stork Rest. v. Boland, 282 N. Y. 256.)
We conclude that it is, and, therefore, the order of the Appellate Division should be reversed and the determination of the authority reinstated.
It is well established in our law that a quasi-judicial determination should be sustained if the reviewing court concludes *474 that others might reasonably reach the same result (Matter of Kopec v. Buffalo Brake Beam Iron Works, 304 N. Y. 65, 71).
The evidence here is such that the authority could reasonably conclude that the respondent did suffer and permit gambling on these premises. The testimony of the police officers as to the activities of John Danzo, the discovery of the bag containing betting materials, and the numbers activity of Vasquez on the premises could lead the authority to reasonably infer that gambling was occurring there with knowledge of the licensee.
Petitioner attempts to separate these incidents and argues that each incident does not per se constitute proof of gambling. The fragmentation of these incidents, however, overlooks the point that the authority could reasonably infer from the combination of these suggestive occurrences that the licensee suffered or permitted gambling on his premises. The issue before us is not whether the licensee is guilty of a criminal gambling charge but whether the authority could reasonably determine that the licensee had violated section 106 (subd. 6) of the Alcoholic Beverage Control Law. We believe that it is indisputably clear that it could.
In making this determination the authority would necessarily be required to find that the corporate licensee, through its officer, had actual knowledge or the opportunity, through the exercise of reasonable diligence, to acquire knowledge of the prohibited activities (Matter of Avon Bar & Grill v. O’Connell, 301 N. Y., supra, at pp. 152-153; see People ex rel. Price v. Sheffield Farms Co., 225 N. Y. 25, 30-31). The authority, by crediting the testimony of the police officers, could reasonably find that Nicholas Danzo had or should have had knowledge of what was occurring on the premises on the dates in question.
The majority in the Appellate Division was of the opinion that the authority, in rejecting the hearing officer’s report, should have made new findings. This was not necessary in this case. The authority did not in reality reject the findings of the hearing officer, but rather merely changed the conclusion to be drawn from the testimony. Thus the authority made the only finding necessary to review the determination, and the record is clear as to the actual findings (see Matter of Mor Bar & Grill v. O’Connell, 277 App. Div. 847).
*475 The order below should be reversed and the determination of the authority reinstated.
Judges Bergan, Breitel and Gibson concur with Judge Jasen ; Chief Judge Fuld and Judge Scileppi dissent and vote to affirm on the opinion at the Appellate Division; Judge Burke taking no part.
Order reversed, with costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.