■ In the Matter of WILLIAM DOUGHERTY, Respondent, v VICTOR S. BAHOU et al., Constituting the Civil Service Commission of the State of New

York, Appellants, and HAROLD E. COLEMAN et al., Constituting the Civil Service Commission of the County of Rensselaer, Respondents. (Proceeding No. 1.) In the Matter of E. FLOYD ROSENBERG, Respondent, v VICTOR S. BAHOU et al., Constituting the Civil Service Commission of the State of New York, Appellants, and HAROLD E. COLEMAN et al., Constituting the Civil Service Commission of the County of Rensselaer, Respondents. (Proceeding No. 2.)—Appeal, by permission, in Proceeding No. 1, from an order of the Supreme Court at Special Term, entered June 6, 1977 in Albany County, which enjoined respondents from compiling an eligibility list for the position of Rensselaer County Fire Co-ordinator or from making any appointment from such a list so compiled pending the hearing and final determination of the issues on the merits at Trial Term and remitted the matter for trial. Appeal, by permission, in Proceeding No. 2, from an order of the Supreme Court at Special Term, entered June 6, 1977 in Albany County, which enjoined respondents from compiling an eligibility list for the position of Deputy Commissioner of the Erie County Department of Fire Safety, making any appointment from such a list so compiled or terminating the position of petitioner as Erie County Deputy Fire Commissioner pending the hearing and final determination of the issues on the merits at Trial Term and remitted the matter for trial. The instant appeals involve similar fact patterns and homogeneous legal issues and we are, therefore, considering them together. Petitioners were the occupants of positions, William Dougherty as Rensselaer County Fire Co-ordinator and E. Floyd Rosenberg as Deputy Commissioner of the Erie County Department of Fire Safety, when, on September 18, 1976, they took open competitive examinations prepared by the New York State Civil Service Commission for the filling of their respective positions. Within a matter of days after the examinations were given, each petitioner filed, with the State Department of Civil Service, a written protest challenging the makeup and content of the particular examination which each had taken, and it ultimately developed that neither petitioner passed his examination so as to be eligible for appointment to one of the positions in question. As a result, the present CPLR article 78 proceedings were commenced wherein petitioners seek, *inter alia*, the annulment of the challenged examinations and orders directing that new examinations be held. Following hearings at Special Term, the court in each instance rejected respondents' arguments seeking dismissal of the petition in question and remitted the matter for a trial on the merits. On these appeals, respondents renew their arguments for dismissals and basically contend that the respective petitions are insufficient in that they contain only conclusory and unsupported allegations. In effect, respondents seek summary determinations of these proceedings. Accordingly, we must apply the same standards and tests as when a motion for summary judgment is considered *(Matter of Lefkowitz v McMillen,* 57 AD2d 979, mot for lv to app den 42 NY2d 807; *Matter of Javarone [DeRizzo],* 49 AD2d 788). Such being the case, the central question presented for our determination in each proceeding is whether or not the petition, answer and affidavits submitted create triable issues of fact. We conclude in each instance that they do. While each of the petitioners generally asserts in his petition that his particular examination was so arbitrary and capricious as to be unrelated to the position to be filled, they likewise each specifically support their claims with allegations that the subject examinations consisted largely of the testing of irrelevant material issued by the National Fire Protection Association. Understandably, the petitions could not be more specific because the examinations have not been produced by respondents for review by either

petitioners or the court. Furthermore, petitioners' claims are lent additional weight by the fact that their initial protests were registered long before publication of the eligibility lists containing the names of those who successfully passed the examinations. Under these circumstances, we hold that Special Term properly remitted these matters for trials at which the examinations in question may be disclosed with appropriate safeguards against widespread publication of their contents. Despite our concededly limited powers of review over the conduct and supervision of civil service examinations, we take this action in recognition of our equally important responsibility to protect examination participants from arbitrary or discriminatory conduct (*Matter of Acosta v Lang,* 13 NY2d 1079; *Matter of Cohen v Schechter,* 11 AD2d 758), and we would lastly point out that civil service examinations may properly be disclosed where, as here, disclosure appears to be necessary for adequate judicial review (*Matter of Kurtz v Krone,* 22 AD2d 988; *Matter of Meaney v Kaplan,* 19 AD2d 680). Orders affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.