■ BERNARD F. MUNDY et al., Respondents, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents, STATE OF NEW YORK et al., Appellant, and PROBATION OFFICERS BENEVOLENT ASSOCIATION, Intervenor.—In a proceeding pursuant to CPLR article 78 to (1) "adjudge" that certain civil service examinations were illegal and invalid and (2) permanently enjoin the Director of Probation of Nassau County and the County of Nassau from implementing the results of said examinations and the eligible lists promulgated therefrom, the appeal (by permission) is from an order of the Supreme Court, Nassau County, entered December 20, 1978, which denied a motion by the State of New York and New York State Department of Civil Service for summary judgment. Order affirmed, with $50 costs and disbursements. The petitioners are 24 former provisional employees of the Nassau County Department of Probation. They challenge the validity of civil service examinations which they took on May 11, 1974 and September 14, 1974, for Probation Department positions in which they were then employed. All of the petitioners either failed the examinations or received low grades. They allege in their petition, *inter alia,* that the examinations were "invalid, illegal, and violative of Civil Service Law Section 50(6) in that they were neither practical in their character, nor did they relate to those matters which would fairly test the relative capacity and fitness of the persons examined to discharge the duties that service in to *[sic]* which they sought appointment." It was further alleged, *inter alia,* that the appellants had acted "arbitrarily, capriciously, unreasonably and illegally", with regard to the preparation of the examinations and the promulgation of eligible lists on the basis thereof. In support of their petition, the petitioners submitted an affidavit by one Robert M. Schmelzle, a 27-year veteran of the Nassau County Department of Probation, who asserted that nearly one half of the 123 probation personnel who had taken the tests had either failed or received very low grades, and thus had become ineligible for their jobs. Of the 24 petitioners, 20 had formerly received the rating of "Superior," the highest rating issued by the Department of Probation. Moreover, he asserted that the challenged examinations failed to treat many important facets of the positions for which they were given, or placed inordinate emphasis upon matters not germane to the probation positions. The affidavit went on to detail several instances of the foregoing. An affidavit also was submitted by Dr. Jules Block, Chairman of the Psychology Department at Hofstra Univer-

sity and an expert in the area of the psychology of testing. Notwithstanding that he did not have copies of the examinations to review, he concluded, with a reasonable degree of scientific certainty, that the examinations were not accurate predictors of job success and were invalid as applied to the petitioners. In support of their motion for summary judgment the appellants submitted affidavits by Albert Putzig, a chief personnel examiner in the Bureau of Testing Services and Staffing Service, and by Harold Snyder, an associate attorney in the Counsel's office in the State Department of Civil Service. In essence, the affidavits disputed the allegations raised by petitioners in their supporting affidavits, and detailed the various procedures utilized in drafting the examinations in an attempt to prove that all statutory guidelines had been followed and that thus there were no factual issues. Special Term denied the motion for summary judgment holding that there were triable issues of fact. We agree. A review of the petition, answer and affidavits indicates that these are issues which can be resolved only after a trial (see *Matter of Dougherty v Bahou,* 67 AD2d 739). Moreover, we note that the examinations in question have not been produced by the appellants for review by either the petitioners or the court. We feel the examinations should be made available to the petitioners and that appropriate safeguards should be taken against disclosure of their contents to anyone else. Damiani, J. P., Cohalan, Margett and Martuscello, JJ., concur.