■ In the Matter of P. Edgar Sherman, Jr., et al., Appellants, v Victor Bahou, as President of the Civil Service Commission of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered February 27, 1979 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to cancel and vacate certain examinations held for the positions of senior attorney and associate attorney on June 19, 1977, and permanently enjoin the respondents from certifying eligible lists based upon such examinations and from making any appointments therefrom. In this CPLR article 78 proceeding brought to annul the results of a civil service essay examination, Special Term's consideration of copies of the examination submitted to it ex parte was improper (see *Matter of Kurtz v Krone,* 22 AD2d 988; see, also, *Coleman v Coleman,* 61 AD2d 757; cf. *B. G. Equip. Co. v American Ins. Co.,* 61 AD2d 247, 249, affd 46 NY2d 811). Where, as here, disclosure is necessary for adequate judicial review, the examinations should be made available to petitioners *(Matter of Dougherty v Bahou,* 67 AD2d 739, 741; *Matter of Kurtz v Krone, supra; Matter of Meaney v Kaplan,* 19 AD2d 680) with appropriate safeguards against improper disclosure *(Mundy v Nassau County Civ. Serv. Comm.,* 70 AD2d 631, 632). Moreover, the actual criteria used in rating petitioners' examinations should be disclosed, as well as their application in the grading process. Only after such a disclosure will Special Term be in a position to determine whether triable issues of fact have been presented. Judgment reversed, on the law, without costs, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.