■ In the Matter of 1957 PALMER AVENUE, INC., Petitioner, v EDWARD J. MCLAUGHLIN et al., Constituting the State Liquor Authority, Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the State Liquor Authority, dated November 20, 1979 and made after a hearing, which suspended petitioner's liquor license for 10 days and imposed a $1,000 bond claim. Determination confirmed and proceeding dismissed on the merits, with costs. Petitioner is the licensee of a tavern in Yonkers. It was charged with having "suffered or permitted" gambling on the licensed premises in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. The record reveals that a female patron was observed by police officers accepting policy slips in the tavern on three separate occasions within a six-day period. Two days after the last observation, she was found to be in possession of 3,000 policy slips, was arrested and later pleaded guilty to possession of gambling records. The hearing officer determined that the licensee, in the exercise of reasonable diligence, should have known of this illegal activity. The State Liquor Authority confirmed this finding, sustained the charge, and suspended petitioner's liquor license for 10 days and imposed a $1,000 bond claim. There was substantial evidence to find that the licensee, through the exercise of reasonable diligence, had an opportunity to learn of the illegal gambling. On this record, respondents could reasonably infer that the licensee knew or should have known that gambling occurred on the licensed premises (see *Matter of Danzo Estate v New York State Liq. Auth.*, 27 NY2d 469). Lazer, J. P., Mangano, Gibbons and Cohalan, JJ., concur