OPINION OF THE COURT
Lawrence E. Kahn, J.
This CPLR article 78 proceeding seeks a judgment annulling a determination of the respondent in which it awarded a failing grade to petitioner on an oral examination for the position of Coastal Resources Specialist II, bearing Civil Service grade 23. Simultaneously with the service of the notice of petition and the petition herein, respondent was also served with a notice to produce pursuant to CPLR 409 (subd [a]).
Said notice required the production of:
1. A certified transcript or original tape recording of petitioner’s oral examination held on or about May 13, 1980;
2. Copies of all notices and announcements relative to the oral examination;
3. A certified transcript or original tape recording of the comments of the oral examiners with respect to petitioner’s examination, and/or the original comments of the examiners if said comments were made in writing;
*213 4. Copies of all model answers prepared in connection with the subject examination;
5. Certified transcripts or the original tape recordings of the oral examinations receiving the highest and lowest passing scores;
6. Certified transcripts of original tape recordings of the comments of the persons who considered petitioner’s appeal from the determination of the oral test examiners on behalf of respondent and the originals of all notes and memoranda of said persons.
Those items enumerated in number 4 are nonexistent, and, in all other respects, except as hereinafter set forth, respondents have agreed to comply with the notice. Respondents are willing to release certain information directly to the court, but have refused to provide same to the petitioner. Said material includes the taped comments of the examiners, the tapes of the other candidates’ examinations and the written comments of the examiners on the other candidates’ performances. Respondents freely agree that said information is necessary to determine the questions presented by this article 78 proceeding, but assert that to release such information would set a bad precedent for future cases.
In the recent decision of Matter of Sherman v Bahou (73 AD2d 995), the Appellate Division of the Third Department had occasion to pass upon the issue of discoverability by petitioners in a challenge to a written Civil Service examination. While the examination in the instant proceeding is oral, the rationale for the criteria set forth in Sherman (supra) is identical. Petitioner herein should not be prejudiced or forced to apply a different standard, merely because the respondents chose an oral rather than a written examination format. In that regard, it has been held that this court may not consider copies of an examination submitted ex parte (see Matter of Kurtz v Krone, 22 AD2d 988). Further, and most importantly, “[w]here, as here, disclosure is necessary for adequate judicial review, the examinations should be made available to petitioners * * * with appropriate safeguards against improper disclosure * * * Moreover, the actual criteria used in rating *214 petitioners’ examinations should be disclosed, as well as their application in the grading process. Only after such a disclosure will Special Term be in a position to determine whether triable issues of fact have been presented.” (Matter of Sherman v Bahou, supra.)
Applying the above rationale to the case at bar, to ascertain the actual criteria used, respondents must disclose recordings for an excellent candidate and a marginally passed candidate. However, the preliminary discussions of the examiners need not be disclosed. Petitioner’s rights to full disclosure are fully guaranteed by the production of the written final evaluations of the examiners concerning his performance. Preliminary discussions do not constitute findings by the examiners and are not germane to the issues raised in the challenge to the examination grading process.