■ In the Matter of THOMAS M. FAHEY, Doing Business as CASTLE REST NURSING HOME, Petitioner, v PUBLIC HEALTH COUNCIL, DEPARTMENT OF HEALTH OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Health Council which denied petitioner's application, pursuant to section 2801-a of the Public Health Law, for an establishment license. Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered

September 6, 1978 in Albany County, which denied petitioner's motion to correct the administrative record. In October, 1972, Castle Rest Nursing Home was purchased by Castle Rest Facilities Corporation, an entity in which petitioner was the sole stockholder. The Department of Health then advised petitioner that approval by respondent was required for the purchase of the facility and the establishment of petitioner as its new owner. While a decision on his establishment application was pending, petitioner was indicted on two counts of Federal income tax evasion on March 19, 1973. These charges arose from his failure to report as taxable income the salary he received as a partner in the partnership operating Castle Rest Nursing Home during 1966 and 1967. After a trial, petitioner was convicted on both counts, and on appeal his conviction was unanimously affirmed. After this conviction, in September, 1974, respondent advised petitioner that it was contemplating denial of his establishment application and that, prior to a final determination, he had a right to a hearing. Accordingly, a hearing was scheduled to consider the two pertinent issues, namely: (1) petitioner's character, competence and standing in the community, and (2) the adequacy of the financial resources of Castle Rest Nursing Home and its sources of future revenue (see Public Health Law, § 2801-a, subd 3). After a lengthy hearing, the hearing officer found that petitioner's "single conviction [for income tax evasion in 1974] — standing alone — does not for all time besmirch the character of the Applicant". In addition, the hearing officer rejected the Department of Health's evidence that Castle Rest Nursing Home had inadequate sources of future revenue, opining that such deficiencies could be remedied through an upward adjustment in reimbursement rates. On November 19, 1976, respondent rejected the recommendations of the hearing officer and disapproved petitioner's establishment application. This proceeding ensued. Initially, petitioner contends that respondent was required to adopt the findings and conclusions of its hearing officer unless his findings were not based on substantial evidence. This argument is without merit. Pursuant to the Public Health Law (§ 2801-a, subd 1), it is respondent Public Health Council, and not its hearing officer, which is authorized to determine petitioner's application for establishment. Accordingly, respondent's determination, not the hearing officer's report, must be supported by substantial evidence (*Matter of Danzo Estate v New York State Liq. Auth.*, 27 NY2d 469, 473; *Matter of Avon Bar & Grill v O'Connell*, 301 NY 150, 153). Moreover, it is well established that findings of a hearing officer are not conclusive and may be overruled by the official upon whom has been imposed the power to make the determination, provided that the latter's determination is supported by substantial evidence (*Matter of Simpson v Wolansky*, 38 NY2d 391, 394). Accordingly, the issue before us is whether viewing the record as a whole, the determination of respondent is supported by substantial evidence (*Matter of Danzo Estate v New York State Liq. Auth., supra*). Turning first to the issue of petitioner's character, respondent concluded that petitioner had not established the requisite character, owing to his recent criminal conviction for willfully and knowingly filing two false income tax returns. Since the operator of a nursing home is periodically required to submit financial and statistical data utilized to compute Medicaid reimbursement payments (10 NYCRR 86-2.6), the nature of these prior convictions directly relates to the question of whether petitioner could competently exercise his duties as operator (*Matter of Carillo v Axelrod*, 79 AD2d 772, mot for lv to app den 53 NY2d 607; *Matter of Bergman v Whalen*, 89 Misc 2d 237, affd 60 AD2d 687). Further, convictions for income tax evasion are deemed to involve moral turpitude (*Matter of Crosby*, 281 App Div 801). Respondent's determination regarding petitioner's character is, therefore, amply supported by the record. There is also substantial evidence to support respondent's determination that peti-

tioner failed to demonstrate the existence of adequate financial resources to operate the facility. Specifically, a report prepared by respondent indicated deficiencies in professional staff, as well as the likelihood of a substantial operating deficit. Further, a duly qualified expert employed by the Department of Health testified that petitioner failed to demonstrate financial feasibility and capability. Petitioner next argues that Special Term erred in denying his motion to correct the record on the ground that two exhibits were allegedly tampered with by respondent. Petitioner also claims that respondent added documents to the file after the conclusion of the hearing. The determination of Special Term must be affirmed. Special Term's refusal to correct the record (CPLR 7804, subd [e]) was completely justified due to petitioner's failure to demonstrate any prejudice resulting from the alleged irregularities (see *Matter of Sherman v Bahou,* 73 AD2d 995). We have examined petitioner's remaining arguments and find them to be without merit. Determination confirmed, and petition dismissed, without costs. Order affirmed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.