■ In the Matter of THOMAS M. FAHEY, Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered March 20, 1984 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Health revoking petitioner's operating certificate pursuant to section 2806 of the Public Health Law.

In November, 1976, petitioner's establishment application was denied by the Public Health Council after a hearing. Subsequently, that determination was upheld by this court in *Matter of Fahey v Public Health Council* (89 AD2d 702, app dsmd 58 NY2d 778).

On December 21, 1982, the Department of Health (department) relying on *Matter of Fahey* (*supra*), advised petitioner that a proceeding to revoke his operating certificate would be commenced. Accordingly, a hearing was scheduled for February 8, 1983. This hearing was adjourned to March 23, 1983 due to inclement weather. However, the hearing was not held until April 26, 1983 due to petitioner's attorney's conflicting engagement.

During this hearing, a dispute arose concerning the collateral effect of this court's decision in *Matter of Fahey* (*supra*) relative to the issue of petitioner's establishment approval. The hearing was then adjourned and the next hearing date was set for June 2, 1983. This hearing date was later adjourned to June 15, 1983 due to petitioner's attorney's conflicting engagement. On June 13, 1983, petitioner's attorney mailed an affidavit stating that he had another engagement on June 15, 1983. On June 14, 1983, petitioner's attorney telephoned the administrative law judge to ensure that she had received the affidavit and his request for an adjournment. Petitioner's attorney was informed that it had not been received and that his request for an adjournment was denied.

On June 15, 1983, the hearing was held in the absence of petitioner and his attorney. The administrative law judge, having reviewed the prior proceedings, at this time rendered an oral decision. Specifically, she found that the issue of petitioner's establishment had been fully litigated in *Matter of Fahey v Public Health Council* (*supra*). Based upon the above, and noting petitioner's failure to appear, the administrative law judge directed that a "default judgment" be entered (see State Administrative Procedure Act, § 301, subd 5). The administrative law judge also granted the department's motion for summary judgment.

On July 27, 1983, petitioner applied to the administrative law judge to reopen the default. This application was denied on the ground that petitioner had no reasonable excuse for his default and lacked a meritorious defense. In due course, the Commissioner of Health adopted the administrative law judge's determination and issued an order revoking petitioner's operating certificate. This CPLR article 78 proceeding was then commenced. Special Term dismissed the petition and this appeal ensued.

Petitioner's primary contention is that he has a meritorious defense. This contention is wholly without merit since, contrary to petitioner's argument, the issue of his establishment approval was fully litigated in *Matter of Fahey v Public Health Council* (*supra*). Accordingly, collateral estoppel bars petitioner from relitigating the issue of establishment approval; since an establishment approval is a prerequisite to retaining an operating certificate (*Matter of Spiegel v Whalen,* 44 NY2d 745; *Matter of Lap v Axelrod,* 97 AD2d 583), respondent's determination has a rational basis.

We have examined petitioner's remaining contentions and find them lacking in merit. The judgment should, therefore, be affirmed.

Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.