Fuld, J.
We decide the case, as it must be decided (see, e.g., Black Riv. Regulating Dist. v. Adirondack League Club, 307 N. Y. 475, 486-487; Quaker Oats Co. v. City of New York, 295 N. Y. 527, 536; Boardwalk & Seashore Corp. v. Murdock, 286 N. Y. 494, 498), on the basis of the law as it exists today. On January 25, 1957, which was the day following the argument of the appeal in this court, the regulation here involved was amended to add this sentence :
“ Nothing herein contained shall be deemed to prevent the illumination of a sign setting forth the name of the practitioner and the word ‘ optometrist ’ provided that the illumination is not colored and such sign does not otherwise conflict with this regulation.”
Whether or not the regulation in its original form proscribed all ‘ ‘ illuminated ’ ’ signs, we need not consider, for it is plain beyond any doubt, that, by the amendment quoted above, it allows the use of an illuminated sign setting forth the name of the practitioner and the designation “ optometrist,” provided the illumination is not colored. The prohibitions contained in the regulation relating to the number and size of signs that may be used are reasonable and valid as, of course, are the other proscriptions aimed at glaring and flickering signs, as well as other signs that are illuminated.
The judgment should be modified by declaring that paragraph (g) of subdivision 1 of section 70 of the Regulations of the Commissioner of Education, adopted on June 15-16, 1950, and as amended on January 25,1957, with respect to the use of signs by optometrists, is legally reasonable and therefore valid and, as so modified, affirmed.
Conway, Ch. J., Desmond, Dye, Feoessel, Yan Vooehis and Burke, JJ., concur.
Judgment modified in accordance with the opinion herein and, as so modified, affirmed.