Cooke, J. (dissenting).
I cannot agree with the majority’s affirmance of the Appellate Division order.
The instant adoption proceeding was instituted pursuant to article 7 of the Domestic Relations Law on April 30, 1974. At *897 that time, consent to adoption was not required of a parent who had "abandoned” his or her child. There was, however, no statutory standard set in the Domestic Relations Law for determining what constituted abandonment and courts were required to rely upon the strict common-law standard applied in such cases as Matter of Bistany (239 NY 19) and Matter of Maxwell (4 NY2d 429). Requisite was a showing of acts so unequivocal as to bear one interpretation and one only, that the parent manifested an intention to abandon the child forever (Matter of Bistany, supra, at p 24) or "a settled purpose to be rid of all parental obligations and to forego all parental rights” (Matter of Maxwell, supra, at p 433). As recently as May of 1974, this court reaffirmed that standard, noting that "Even where the flame of parental interest is reduced to a flicker the courts may not properly intervene to dissolve the parentage” (Matter of Susan W. v Talbot G., 34 NY2d 76, 80).
Since 1974, section 111 of the Domestic Relations Law has been twice amended, first to overrule the "flicker of interest” test and ease the burden on the party seeking to prove abandonment (see Memorandum of Joseph R. Pisani, New York State Senator, in support of Senate Bill 1992-A for 1975; NY Legis Ann, 1975, p 62) and later to set a standard for abandonment in keeping with that applicable to other proceedings with the similar objective of terminating parental rights. By section 3 of chapter 704 of the Laws of 1975, the Legislature amended section 111 so that "evidence of insubstantial and infrequent contacts by a parent with his or her child shall not, of itself, be sufficient as a matter of law to preclude a finding that such parent has abandoned such child.” Then, in 1976, to become effective on January 1, 1977, section 111 was further amended (L 1976, ch 666, § 9), this time to bring the standard for abandonment applicable to this proceeding into line with those found in the Social Services Law and the Family Court Act.
If we accept, as we must, the proposition that a case must be decided on the basis of the law in effect at the time of judicial review (Matter of Ray A. M., 37 NY2d 619, 621; Strauss v University of State of N. Y., 2 NY2d 464, 467, and cases cited therein), it is clear that we cannot affirm the Appellate Division order of reversal. That court relied upon case law, the stringency of which had been effectively overruled by chapter 704 of the Laws of 1975 which had taken *898 effect on August 9, 1975, seven full months before the Appellate Division handed down its decision reversing the Surrogate. In view of the uncontested fact that the mother made no attempt during a period of three years to visit her son, the mother’s "flicker of interest” as evidenced by a few small gifts and birthday cards might not have been sufficient to preclude a finding of abandonment, particularly in light of the fact that the mother continued to receive $3,000—$4,000 per year from the natural father for care of this child though the child no longer resided with her. While the Surrogate may have misstated and misapplied the law, the Appellate Division was in error when it concluded that "Under the facts disclosed in this record, although the flame of parental interest may be a mere flicker, nevertheless, this court should not extend its hand to extinguish the light” (51 AD2d 282, 285).
In its concern for children heretofore precluded from enjoying a normal family life in a permanent home, the Legislature has determined it wise to lessen the burden on those seeking to free such children from tenuous family ties in an attempt to afford such children the permanent home it believes they deserve and need. Since there is no vested right in a rule of evidence (People v Turner, 117 NY 227, 233; Matter of L’Hommedieu v Board of Regents of Univ. of State of N. Y., 276 App Div 494, 507, affd 301 NY 476, affd 342 US 951), the Legislature had the power to enact the evidentiary rule here and make it applicable to pending proceedings even though it effected a change in a previously existing rule of evidence. The courts, for their part, must acknowledge and carry out the legislative change.
Accordingly, the order of the Appellate Division should be reversed and the matter remitted to the Surrogate’s Court of New York County for further proceedings and determination in the light of existing law.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones and Fuchsberg concur in memorandum; Judge Cooke dissents and votes to reverse in a separate opinion in which Judge Wachtler concurs.
Order affirmed.