*736 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
In their 1977 collective bargaining agreement, the school district and the teachers association in article XXIV agreed unequivocally, at level four of their prescribed grievance procedures, to submit grievances to arbitration for resolution. Grievances are broadly defined as complaints “by a teacher or a group of teachers based upon an alleged violation or a variation from the provisions of this Agreement or the interpretation or application thereof” (art XXIV, subd A).
In the demand for arbitration the substantive provisions of the collective bargaining agreement as to the interpretation and application of which the present controversy arose were identified as “1. Recognition Clause; 2. Article 31 (Salaries); 3. Article 15-16 (Leaves); and 4. Article 3”. To this list the school district in effect added “Article XXXII (Length of Contract)”, which contained continuation provisions in the event a new contract had not been reached when the stated term of the 1977 agreement expired. Each .of these provisions, including the last, relates to the substantive terms of the agreement between the parties. It does not alter the classification of article XXXII as a “substantive” provision that its interpretation will determine the duration of the agreement to arbitrate. It is nonetheless a “provision of this Agreement”, other than the arbitration clause itself, and as such is a proper subject of a grievance, and thus of arbitration, within the explicit agreement of the parties.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.