■ In the Matter of FERDINAND J. CARILLO, Petitioner, v DAVID AXELROD, as Commissioner of Health of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Health which revoked and annulled the hospital operating certificate of petitioner as operator of the Carillon House Nursing Home. On June 22, 1978, petitioner, a co-partner in the ownership and operation of the Carillon House Nursing Home and residential health care facilities, entered a plea of guilty of the crime of attempted grand larceny in the second degree, a class E felony, based upon false expense claims contained in Medicaid forms filed with the New York State Health Department. The sentencing court issued a certificate of relief from disabilities and forfeitures, pursuant to article 23 of the Correction Law. Shortly thereafter, petitioner was notified that a hearing would be held, pursuant to subdivision 5 of section 2806 of the Public Health Law, to determine whether he had been convicted of a felony in connection with the operation of the nursing home, and if so, whether his operating certificate should be revoked, suspended, limited or annulled. Based upon documentary evidence submitted at the hearing,

the hearing officer found that petitioner had been convicted of a felony in connection with the operation of the nursing home, but he further found that petitioner received no financial benefit from the crime, that petitioner was a highly respected member of the community and that petitioner's participation was necessary to the continued good operation of the nursing home. Accordingly, the hearing officer recommended that a probationary period be imposed, with a possible limitation on the operating certificate during that period. However, by order dated August 22, 1979, petitioner's operating certificate was revoked, and this proceeding ensued. Petitioner's initial contention, that revocation is precluded by virtue of the certificate of relief from disabilities and forfeitures, has been rejected by this court in *Matter of Springer v Whalen* (68 AD2d 1011, 1013, mot for lv to app den 47 NY2d 710), where we stated: "Far from being an automatic forfeiture, revocation of an operating certificate pursuant to subdivision 5 rests upon the sound discretion of respondent. Directly applicable, therefore, is subdivision 3 of section 701 of the Correction Law, which in part provides that a certificate of relief does not prevent an administrative body from relying on a conviction specified therein as the basis for the exercise of its 'discretionary power' to revoke a license or permit." Petitioner's contention that respondent's action was arbitrary and capricious, an abuse of discretion and unsupported by substantial evidence is without merit. The order of revocation states that "although [petitioner] was issued a Certificate of Relief from Disabilities, the Hearing Officer's recommendation of probation is not appropriate in this instance because the felony committed was directly connected with the day to day administration of Carillon House Nursing Home". It is clear from this statement that the respondent exercised his discretionary power to revoke petitioner's license and based his determination on the nature of the felony. Since the administrative penalty imposed is not so disproportionate to the offense as to· be shocking to one's sense of fairness, it cannot be disturbed *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Mikoll and Casey, JJ., concur.