■ In the Matter of the Arbitration between Delaware Valley Central School District, Respondent, and Delaware Valley Faculty Association, Appellant. (And Three Other Proceedings.)—Appeal from four orders of the Supreme Court at Special Term, entered September 18, 1979 in Sullivan County, which granted an application by petitioner to stay arbitration. The Delaware Valley Central School District (School District) and the Delaware Valley Faculty Association (Association) entered into a collective bargaining agreement which became effective on July 1, 1976. The contract provided that it would "remain in full force and effect until June 30, 1978 and for like terms thereafter unless either party shall notify the other in writing * * * of its intention to * * * terminate this agreement." The School District timely notified the Association of its intention not to extend the agreement beyond the June 30, 1978 expiration date. The parties then entered into negotiations for a new contract and before reaching a new pact several disputes arose. These disputes concerned class size, tenure and payment of increments. The Association sought to resolve these issues through arbitration, as provided for in the contract. The School District filed a petition pursuant to CPLR 7503 (subd [b]) to stay arbitration on the ground that the contract had expired and, therefore, there was no agreement in existence

in which the parties agreed to submit disputes to arbitration. Special Term held that the contract had been terminated and stayed arbitration. This appeal ensued. It is well settled that this court has the authority to determine whether a valid and binding agreement for arbitration exists (CPLR 7503, subd [b]; *Housekeeper v Lourie,* 39 AD2d 280, 283). A dispute arising during the life of an arbitration agreement must be submitted to arbitration *(Matter of Allen v Grand Is. Cent. School Dist.,* 56 AD2d 131). However, disputes which occur after the agreement has expired are not subject to arbitration since the provisions providing for arbitration no longer have any effect *(Matter of Board of Educ. [Poughkeepsie Public School Teachers Assn.],* 44 AD2d 598). In the instant case, it is uncontested that the disputes occurred after June 30, 1978, the date the collective bargaining agreement expired. Moreover, viewing the contract as a whole, we find no provisions indicating an agreement to extend the contract once one of the parties exercised its right to terminate (cf. *Matter of Windsor Cent. School Dist. v Windsor Teachers Assn.,* 75 AD2d 684, affd 52 NY2d 734). Thus, since the grievances arose after the contract had expired, the provision for arbitration was no longer effective and Special Term properly stayed arbitration pursuant to CPLR 7503 (subd [b]). *(Matter of Board of Educ. [Poughkeepsie Public School Teachers Assn.], supra.)* Orders affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.