■ In the Matter of LOUIS HODES et al., Petitioners, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Health revoking petitioners' hospital operating certificate as operators of the Franklin Park Nursing Home. Petitioners, Louis Hodes and Herman Surkis, are copartners with a third partner in the ownership and operation of the Franklin Park Nursing Home. They each entered a plea of guilty of the crime of grand larceny in the third degree, a class E felony, based upon fictitious invoices and receipt of Medicaid reimbursement moneys for expenses not incurred for patient care. Subsequently, after a hearing held pursuant to subdivision 5 of section 2806 of the Public Health Law, an Administrative Law Judge found that petitioners' felony convictions in and of themselves were sufficient to warrant revocation of their nursing home (hospital) operating certificates and so recommended. The Administrative Law Judge made this recommendation despite the fact that petitioners had been issued certificates of relief from disabilities and forfeitures pursuant to article 23 of the Correction Law. Thereafter, by order dated February 24, 1981, respondent Michael McGarvey, Acting Director of the Office of Health Systems Management, after reading and adopting the findings of the Administrative Law Judge, revoked petitioners' operating certificate. They were then given 10 days to surrender the certificate and the remaining partner was granted an interim certificate and 30 days in which to file for a change of ownership. This article 78 proceeding ensued. Petitioners contend that respondents' revocation of their operating licenses was arbitrary, capricious and an abuse of discretion in that: (a) such revocation was precluded by their receipt of certificates of relief from disabilities and forfeitures; (b) respondent McGarvey was not authorized to act in the commissioner's stead; (c) petitioners were subjected to an ex post facto law or deprived of their property without compensation; and (d) the revocation of their operating licenses was improper because (i) it was based on a nonexistent fiduciary duty, (ii) the determination lacked substantial evidence, (iii) the most serious penalty was imposed for the least serious felony (a class E felony), and (iv) that the administrative agency (Department of Health) views the statute as a "revocation only" statute. Additionally, petitioners argue that they should have been granted a factual hearing as to whether or not respondent McGarvey ever read or reviewed the record before making his determination. After reviewing petitioners' arguments, we find that respondents' action in revoking petitioners' operating certificate was not arbitrary, capricious or an abuse of discretion. We also find petitioners' claim that they are entitled to a factual hearing to be without merit. The determination of the Commissioner of Health should, therefore, be confirmed and the petition dismissed. Petitioners' argument that their receipt of certificates of relief from disabilities and forfeitures precluded revocation of their operating certificates pursuant to subdivision 5 of section 2806 of the Public Health Law has been advanced previously and has been found wanting by this court *(Matter of Carillo v Axelrod,* 79 AD2d 772, mot for lv to app den 53 NY2d 607; *Matter of Springer v Whalen,* 68 AD2d 1011,

mot for lv to app den 47 NY2d 710). Nothing in the present case distinguishes it from the cited cases and we adhere to our prior decisions on this point. Petitioners' contention that McGarvey did not have authority to act in the commissioner's stead because there was a failure to comply with the requirements of subdivision 8 of section 206 of the Public Health Law is rejected. The Commissioner of Health clearly had the power to revoke, suspend, annul or limit operating certificates of nursing homes upon finding that a controlling person had been convicted of a felony in connection with the operation of the nursing home (Public Health Law, § 2806, subd 5). Subdivision 8 of section 206 of the Public Health Law merely requires that the authorization be in writing. Petitioners make no assertion that the commissioner did not intend McGarvey to act in his stead. The commissioner's power to revoke could be validly delegated. The commissioner obviously agrees with McGarvey's determination as evidenced by his "ratification" of the order. There is no dispute that the petitioners were convicted of felonies in connection with their operation of their nursing home. It appears that upon any reconsideration the same result would be reached. Under these circumstances, no prejudice to petitioners has resulted from the failure to literally comply with the statutory requirement that the delegation of authority be in writing and we find no reason to annul the revocation order on that ground. Petitioners next argue that the application of subdivision 5 of section 2806 of the Public Health Law, effective August 11, 1977, to a felony conviction stemming from their arrest on March 10, 1977, is an ex post facto law and unconstitutional because it forces them to lose their property — their interest in the nursing home. We disagree. The loss of their property, if any, is the result of the license revocation which, itself, is not invalid as an application of an ex post facto law *(Matter of Springer v Whalen,* 68 AD2d 1011, *supra)*. Any consequences stemming from that revocation are, at best, an indirect result of the statute's application and cannot be considered unconstitutional. Petitioners' assertion that they are being deprived of property without compensation because the order of revocation makes no provision for payment to them for their interest in the nursing home must also fail. Petitioners have no property rights in their license. It is merely a personal privilege subject to reasonable restrictions and may be revoked by the issuing authority *(People ex rel. Lodes v Department of Health of City of N. Y.,* 189 NY 187). Petitioners' remaining arguments challenging the propriety of imposing the penalty of revocation are without merit. Felony convictions relating to the operation of nursing homes constitute substantial evidence to support a revocation order *(Matter of Carillo v Axelrod,* 79 AD2d 772, *supra)*. Because it is not so disproportionate to the offense as to shock one's sense of fairness, the penalty should be upheld *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Subdivision 5 of section 2806 of the Public Health Law is clear and fairly specific about what activity is proscribed and what penalties should be imposed. The Legislature can be said to have adequately supplied the guidelines *(Matter of Employers Claim Control Serv. Corp. v Workmen's Compensation Bd. of State of N. Y.,* 35 NY2d 492; *Matter of Elite Dairy Prods. v Ten Eyck,* 271 NY 488, 495). Respondents' decision that the penalty for felonies involving Medicaid fraud should always be revocation is within the statutory limits and not so unreasonable as to warrant judicial interference (see *Matter of Mandel v Board of Regents,* 250 NY 173). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Mikoll, JJ., concur.