■ VILLAGE OF HERKIMER et al., Appellants-Respondents, v DAVID AXELROD, as Commissioner of the New York State Department of Health, et al., Respondents-Appellants. — Cross appeals from an order and judgment of the Supreme Court at Special Term (Pitt, J.), entered May 21, 1981 in Albany County, which granted plaintiffs' motion for summary judgment prohibiting defendants from taking further action to modify plaintiff hospital's operating certificate pursuant to subdivision 6 of section 2806 of the Public Health Law until regulations defining "public need" have been promulgated, but which dismissed the portion of the complaint seeking a declaration that subdivision 6 of section 2806 of the Public Health Law is unconstitutional. Plaintiff Herkimer Memorial Hospital is a public hospital owned and operated by the Village of Herkimer as a 70-bed acute care facililty. In 1980, following a study

and recommendation by the Central New York Health Systems Agency, Inc., adopted by the State Hospital Review and Planning Council, defendant Commissioner of Health initiated the process provided under subdivision 6 of section 2806 of the Public Health Law for modification of the hospital's operating certificate from an acute care facility to a long-term care facility. The Director of the Office of Health Systems Management of the State Department of Health thereupon notified the hospital of his finding "that the conversion of the hospital to a 70-bed skilled nursing facility is in the public interest". Plaintiffs then commenced the instant action for a declaratory judgment. Their complaint alleges that subdivision 6 of section 2806 by the terms of its original enactment, is inapplicable to plaintiff hospital, and that it violates procedural and substantive due process in that (1) the statutory criteria for modification of a hospital operating certificate lack sufficient definite and objective standards to be enforced without rules and regulations, (2) it authorizes the commissioner to make a determination to modify an operating certificate without a hearing, and (3) it takes property without just compensation. The complaint also challenges the validity of the statute and its application to plaintiff hospital under the equal protection and supremacy clauses of the United States Constitution. As a preliminary matter, since plaintiffs attack the proposed action of the commissioner on the ground that it is unconstitutional and wholly beyond his grant of power, Special Term was correct in declining to dismiss the complaint on grounds that plaintiffs have failed to exhaust their administrative remedies (*Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52). We also agree with its ruling that the proviso contained in the original enactment subdivision 6 of section 2806 (L 1976, ch 76, § 18) that "[t]his act shall not be construed to * * * impair * * * any rights * * * incurred * * * prior to the enactment of this act" does not preclude the application of the statute to plaintiff hospital merely because it was in existence before enactment of the statute (see *Long Is. Home v Whalen,* 47 NY2d 767; *Matter of Hodes v Axelrod,* 84 AD2d 895, mot for lv to app granted 55 NY2d 606). In our view, however, Special Term erred in ruling that the commissioner may not enforce subdivision 6 of section 2806 without first promulgating regulations further defining the statutory criteria of "public need" or "public interest". Subdivision 6 of section 2806 (par [a]) authorizes the commissioner to modify a hospital operating certificate "after taking into consideration the total number of beds necessary to meet the public need, the availability of facilities * * * which may serve as alternatives or substitutes for the whole or any part of any such hospital facility * * * the level of care and the nature and type of services provided or required * * * and after finding that * * * modifying * * * the operating certificate of such facility would be within the public interest in order to conserve health resources by restricting the number of beds and/or the level of services to those which are actually needed." In determining public need, the commissioner is also required to consider the advice of the State Health Planning and Development Agency (Public Health Law, § 2806, subd 6, par [f]). The statute was enacted in response to the pressing problem of health cost containment, in large part due to the existence of unneeded health care facilities and excess hospital beds (see Legislative Declaration of Emergency, L 1976, ch 76, § 1; Executive Dept. Memorandum, 1977 McKinney's Session Laws, p 2426; *Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 94). In the context of the legislative purpose and other criteria in subdivision 6 of section 2806, the phrases "public need" and "public interest" are sufficient to withstand constitutional attack based upon any lack of specificity or definiteness. Similar statutory standards have repeatedly been upheld, even absent the promulgation of administrative regulations interpreting or expanding upon them (*Federal Comm. v Broad-*

*casting Co.,* 309 US 134; *New York Cent. Securities Corp. v United States,* 287 US 12; *Matter of Sullivan County Harness Racing Assn. v Glasser,* 30 NY2d 269; *Martin v State Liq. Auth.,* 15 NY2d 707). This being the case, there is no constitutional requirement that the commissioner must implement the legislation through his rule-making powers rather than through enforcement on a case-by-case basis, subject to judicial review of the propriety of his actions under CPLR article 78. As stated in *American Power Co. v Securities & Exch. Comm.* (329 US 90, 106): "Nor is there any constitutional requirement that the legislative standards be translated by the Commission into formal and detailed rules of thumb prior to their application to a particular case. If that agency wishes to proceed by the more flexible case-by-case method, the Constitution offers no obstacle. All that can be required is that the Commission's actions conform to the statutory language and policy." As further held in *Securities & Exch. Comm. v Chenery Co.* (332 US 194, 203): "And the choice made between proceeding by general rule or by individual, *ad hoc* litigation is one that lies primarily in the informed discretion of the administrative agency."[*] The fact that regulations were promulgated concerning establishment and construction of new health care facilities does not impel adoption of corresponding regulations for modification of existing operating certificates, since the commissioner could rationally conclude that a greater need exists to provide general rules to advise the health care industry regarding standards for approval of new construction. Plaintiffs' remaining constitutional objections are similarly without merit. The statute unambiguously provides the right of the affected facility to notice and a public hearing, and the provision that no modification may go into effect "prior to the date of the hearing decision" (Public Health Law, § 2806, subd 6, par [c]) refutes plaintiffs' contention that a final determination to modify may be made before the hearing. Likewise, there is no "taking" of plaintiffs' property without just compensation here. Health facility and hospital regulation falls well within the State's police power (*Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, *supra*), and requiring the conversion of plaintiff hospital from an acute to a long-term care facility is hardly the kind of destructive restriction on use that amounts to a "taking" under the case law (see *Spears v Berle,* 48 NY2d 254, 263-264; *French Investing Co. v City of New York,* 39 NY2d 587, 593-594, app dsmd 429 US 990). Nor is there any validity to plaintiffs' equal protection objections. The statute on its face does not treat similarly situated facilities differently, and there has been no showing of any invidious discrimination in its application to plaintiff hospital (see *Buckley v Valeo,* 424 US 1, 30-31; *San Antonio School Dist. v Rodriguez,* 411 US 1, 59-60). Finally, the complaint alleges that subdivision 6 of section 2806 violates the supremacy clause of the United States Constitution because of Congressional enactment of the National Health Planning and Resources Development Act of 1974 (NHPRDA) (US Code, tit 42, § 300k *et seq.*). The act itself, however, negates any Congressional intent totally to pre-empt the field of health planning from the States (see US Code, tit 42, § 300k [b], and as to unneeded health services, § 300m-2 [a] [6]). The NHPRDA does not expressly contain provisions or procedures for decertification of unneeded facilities, but the United States Secretary of Health and Human Services had indicated that the States are free to provide sanctions to eliminate such facilities (44 Fed Reg, p 71754, Dec 11, 1979). In

---

[*] Of course, if the commissioner had adopted a rule-making approach to subdivision 6 of section 2806, his regulations would have had to contain objective standards upon which his determinations could be measured (*Matter of Nicholas v Kahn,* 47 NY2d 24, 33; *Matter of Levine v Whalen,* 39 NY2d 510, 518-519). These cases are inapposite, however, when case-by-case litigation is involved, where the commissioner's actions are measured by the words of the statute itself.

short, there has not been any showing that either the purposes of subdivision 6 of section 2806 of the Public Health Law or the procedures contained therein are in such conflict with the NHPRDA as to render it invalid or prevent its enforcement in the instant case. For all of the foregoing reasons, the order and judgment of Special Term should be reversed and the complaint dismissed. In view of the foregoing determination on the merits, we need not resolve the issue of whether plaintiffs lack standing to bring the action to challenge the constitutionality of subdivision 6 of section 2806 of the Public Health Law because they constitute a unit of local government acting in a governmental, rather than proprietary, capacity. Order and judgment reversed, on the law, without costs, plaintiffs' motion denied, and summary judgment granted to defendants dismissing the complaint. Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.