*932
 
 OPINION OF THE COURT
 

 Memorandum.
 

 On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [b]), the judgments of the Appellate Division should be reversed, without costs, the petitions granted, and the determinations annulled.
 

 Consistent with our general rule of appellate review, we decide these cases on the basis of the law which exists today
 
 (Strauss v University of State of N. Y.,
 
 2 NY2d 464, 467). Subdivision 5 of section 2806 of the Public Health Law, as amended, effective July 17, 1981, provides for automatic revocation of nursing home certification upon the holder’s conviction of,
 
 inter alia,
 
 an industry-related felony. Subdivision 2 of section 701 of the Correction Law bars automatic revocation of a license where the holder has been issued a certificate of relief from disabilities pursuant to article 23 of the Correction Law. In the present cases, section 701 of the Correction Law barred the automatic revocation of petitioners’ licenses inasmuch as petitioners had received certificates of relief from civil disabilities pursuant to article 23 of the Correction Law. Accordingly, respondent erred in revoking the operating certificates held by these petitioners. The unfortunate result produced by the interrelationship of subdivision 5 of section 2806 of the Public Health Law and section 701 of the Correction Law does not go unnoticed by this court. Amelioration of the problem, however, is properly left to the Legislature.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 In each case: On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [b]), judgment reversed, without costs, petition granted and determination annulled in a memorandum.