OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the stay of arbitration should be denied.
 

 The public policy issue which the school district raises on this stay application is not premature for the arbitration demand at issue here would lead inexorably to the violation of public policy, if the school district is correct (cf.
 
 Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,
 
 45 NY2d 411, 418-419).
 

 The district’s contention cannot be upheld, however, because, in substantive as distinct from procedural matters, we decide cases on the basis of the law as it exists at the time of decision
 
 (Matter of Hodes v Axelrod, 56
 
 NY2d 930, 932;
 
 Strauss v University of State of N. Y.,
 
 2 NY2d 464, 467, app dsmd 355 US 394). There can be no question that the issue here involved is substantive
 
 (Matter of Windsor Cent. School Dist. [Windsor Teachers
 
 Assn.], 52 NY2d 734;
 
 Matter of Delaware Val. Cent. School Dist. [Delaware Val. Faculty Assn.],
 
 54 NY2d 613), and the Legislature, which is also a source of public policy, has decreed by chapter 868 of the Laws of 1982 (amdg Civil Service Law, § 209-a, subd 1) that “It shall be an improper
 
 *1028
 
 practice for a public employer or its agents deliberately * * * (e) to refuse to continue all the terms of an expired agreement until a new agreement is negotiated.” Whether the new contract moots the issue is a question for the arbitrator.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Order reversed, etc.