In the Matter of RICHARD LAP, Respondent-Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, Appellant-Respondent.

Third Department, October 6, 1983

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General* (*Diane DeFurio Foody* and *William J. Kogan* of counsel), for appellant-respondent.

*O'Connell & Aronowitz, P. C.* (*Cornelius D. Murray* of counsel), for respondent-appellant.

**OPINION OF THE COURT**

WEISS, J.

The underlying facts on the instant appeal are set forth fully in *Matter of Lap v Axelrod* (97 AD2d 583 [decided herewith]). In the instant case, respondent appeals Special

Term's annulment of his order of revocation of petitioner's operating certificate upon the authority of *Matter of Hodes v Axelrod* (56 NY2d 930), which case barred automatic revocation following conviction where a certificate of relief from disabilities and forfeitures had been issued pursuant to subdivision 2 of section 701 of the Correction Law. Petitioner has appealed from so much of the order as provides that respondent may take such further future action as is not contrary to the decision of Special Term.

On July 21, 1983, chapter 584 of the Laws of 1983 was signed into law by the Governor. That law amends subdivision 5 of section 2806 of the Public Health Law and subdivision 2 of section 701 of the Correction Law to provide that the operating certificate of a nursing home operator who has been convicted of a felony relating to the nursing home industry shall be automatically revoked, notwithstanding the issuance of a certificate of relief from disabilities pursuant to article 23 of the Correction Law. The amendment took effect immediately and applies to all operating certificates even though the felony conviction may have been entered and the certificate of relief from disabilities granted prior to the effective date. The amendment overcomes the effect of *Matter of Hodes v Axelrod* (56 NY2d 930, *supra*) and is intended to apply to revocations already made and to resurrect those revocations already annulled by the courts on the basis of that case.

Consistent with the rules of appellate review, we decide this case upon the basis of the law which exists today (*Matter of Board of Trustees [Maplewood Teachers' Assn.]*, 57 NY2d 1025, 1027; *Matter of Hodes v Axelrod*, 56 NY2d 930, 932, *supra; Strauss v University of State of N.Y.*, 2 NY2d 464, 467, app dsmd 355 US 394; see *Pataki v Kiseda*, 80 AD2d 100, 102, mot for lv to app dsmd 54 NY2d 831; McKinney's Cons Laws of NY, Book 1, Statutes, § 55) and hold that the judgment annulling the commissioner's determination must be reversed and the petition dismissed.

At oral argument, petitioner attacked and was given the opportunity to submit a brief on the constitutionality of section 3 of chapter 584 of the Laws of 1983. He urged that it should not be retroactively applied to him and that, in any event, he was entitled to the benefit of a "special facts

exception" precluding its application. Petitioner's constitutional arguments are without merit. The issuance of a certificate of relief from disabilities and forfeitures pursuant to subdivision 2 of section 701 of the Correction Law did not create a vested right to be free from license revocation based upon his conviction. The statute, as it then existed, prevented only automatic revocation (see *Matter of Hodes v Axelrod,* 56 NY2d 930, *supra;* see, also, *Matter of Alaimo v Axelrod,* 57 NY2d 881). Subdivision 3 of section 701 of the Correction Law explicitly states that a certificate shall not in any way prevent an administrative or licensing body from relying upon the conviction specified therein as the basis for the exercise of its discretionary power to suspend or revoke any license. The right that vested, not applicable in this case, was to be free from automatic revocation (see *Matter of Carillo v Axelrod,* 79 AD2d 772, 773, mot for lv to app den 53 NY2d 607). Nor has petitioner been deprived of any property right without just compensation, a license being merely a personal privilege subject to reasonable restrictions and to revocation by an issuing authority (*People ex rel. Lodes v Department of Health,* 189 NY 187; *Matter of Hodes v Axelrod,* 84 AD2d 895, 896, revd on other grounds 56 NY2d 930). The State may change the right to hold a license which it has granted or the conditions under which it may be held. Such a right is not a vested right (*Gleason v Gleason,* 26 NY2d 28). Petitioner's argument that the new law should not be applied to him is not persuasive. The Legislature expressed its intention that the new law specifically apply to all existing operating certificates regardless of the issuance of a certificate of relief from disabilities and forfeitures (L 1983, ch 584, § 3; see sponsor's memorandum, Governor's bill jacket, L 1983, ch 584). Retroactive effect of a statute is proscribed only in the absence of express language of such intention by the Legislature (*Saltser & Weinsier v McGoldrick,* 295 NY 499, 508-509). Here, the expressed intent of the Legislature is set forth in clear language and should be followed (see McKinney's Cons Laws of NY, Book 1, Statutes, § 51, subd b).

We find no basis to apply a "special facts exception" as urged by petitioner. There is no demonstration of manifest

injustice engendered by application of the statute (cf. *Gulf Offshore Co. v Mobil Oil Corp.*, 453 US 475, 486, n 16; *Matter of Pokoik v Silsdorf*, 40 NY2d 769, 774 [BREITEL, Ch. J., dissenting]; *Matter of Golisano v Town Bd.*, 31 AD2d 85). Respondent did nothing to impair any rights of petitioner and merely followed the provisions of the law. Petitioner's certificate of relief was subject to the provisions of subdivision 3 of section 701 of the Correction Law when it was issued, which section preserved respondent's right to consider the criminal conviction in the exercise of his discretion. The new law did not affect that right, removing instead the bar to automatic revocation when a certificate of relief had been issued. The purpose is laudable since those who are guilty of crimes involving the very same industry in which they are licensed ought not be shielded from discipline for those crimes.

The judgment should be reversed, on the law, and the petition dismissed, without costs.

SWEENEY, J. P., KANE, CASEY and LEVINE, JJ., concur.

Judgment reversed, on the law, and petition dismissed, without costs.