■ In the Matter of RICHARD LAP, Petitioner, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Health Council which revoked petitioner's approval of establishment to operate a nursing home. Following his conviction of the crime of attempted grand larceny in the second degree upon a plea of guilty made April 11, 1980, a notice of charges was served upon petitioner by respondents Public Health Council and the Commissioner of Health. Following a joint hearing, the council rejecting the recommendation of the administrative law judge on May 21, 1982, adopted a resolution to revoke the approval of establishment previously issued authorizing the conduct of two nursing homes owned by petitioner known as Bayview Nursing Home and Riverhead Nursing Home.[1] Petitioner in this appeal contends that (1) revocation is barred by the March 10, 1981 issuance of a certificate of relief from civil disabilities and forfeitures, as amended on October 26, 1981; (2) the action is invalid in the absence of guidelines governing the council's exercise of discretion in imposition of sanctions; and (3) the conviction alone did not constitute substantial evidence to support revocation. We disagree and, for the reasons which follow, confirm the determination and dismiss the petition. Initially, it is important to restate that there are two separate and distinct "licenses" involved in the operation of a nursing home (see *Matter of Spiegel v Whalen*, 44 NY2d 745). The first applies to the physical plant or premises and is called the approval of establishment. This approval is under the aegis of the Public Health Council under section 2801-a of the Public Health Law and is issued to persons or legal entities owning the property. It is, in effect, a right for the facility to exist. The second license is called an operating certificate issued by the Commissioner of Health pursuant to subdivision 5 of section 2806 of the Public Health Law to a person or legal entity entitling the holder to operate a facility to which approval of establishment has been issued. We are here concerned only with the first described license. Petitioner erroneously argues that the Public Health Council lacks statutory authority to revoke the approval of establishment once issued (except where fraudulently obtained or failure to construct a

---

1. By separate order not involved in this appeal, the Commissioner of Health issued an order revoking the operating certificate which authorized petitioner to be an operator of nursing homes. A judgment in a separate article 78 proceeding has annulled that determination. The commissioner has appealed that judgment (see *Matter of Lap v Axelrod*, 95 AD2d 457).

facility as approved), and that upon issuance, exclusive jurisdiction to regulate is transferred to the Commissioner of Health. While dual or overlapping authority to regulate facilities holding approval of establishment licenses may appear to exist, section 2806 (subd 5, par [g]) of the Public Health Law states: "Nothing in this subdivision shall be construed to limit the authority of the public health council to revoke, limit or annul any approval of establishment". This court has held that revocation of an establishment approval by the Public Health Council is within the powers conferred upon it by statute (*Matter of Sturman v Public Health Council,* 58 AD2d 389, affd 47 NY2d 837; see Public Health Law, § 2801-a, subd 10, par [a]; 10 NYCRR 600.5). We find no contrary legislative intent exists. Petitioner next argues that the absence of articulated guidelines pursuant to which its discretion in the imposition of sanctions is to be exercised renders the determination defective, citing *Matter of Nicholas v Kahn* (47 NY2d 24). We disagree for several reasons. We agree that *Matter of Nicholas v Kahn* (*supra*) requires an agency to promulgate adequate standards to safeguard against arbitrary administrative action and to ensure meaningful judicial review. However, this court has already found that adequate guidelines for the revocation power expressly granted in section 2801-a (subd 10, par [a]) of the Public Health Law exist and are set forth in subdivision 3 of section 2801-a of that statute and in 10 NYCRR 600.5 (see *Matter of Sturman v Public Health Council, supra,* p 392). Implicit in the Public Health Council's resolution revoking the establishment approval is its evaluation of the criminal conviction for Medicaid fraud in the operation of the nursing homes. We find no infirmity in the council's failure to expand its determination by more replete explanation. Nor were respondents bound by the holding in *Matter of Hodes v Axelrod* (56 NY2d 930)[2] which voided a revocation by the Commissioner of Health of a nursing home operating certificate held by a convicted felon. There, the Court of Appeals considered the automatic revocation of an operating certificate, not the discretionary revocation of an establishment approval as in the instant case. Petitioner's final argument that the record lacks substantial evidence to support the determination is without merit, since it is now well settled that felony convictions for crimes relating to the operating of nursing homes constitutes substantial evidence to support a revocation order (*Matter of Carillo v Axelrod,* 79 AD2d 772, mot for lv to app den 53 NY2d 607). Moreover, the revocation resolution demonstrates that at both a March 27, 1981 meeting of the council and the May 21, 1982 meeting at which the resolution was passed, the council members were made fully aware of the factual basis for the charges and revocation. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.

2. We note that Public Health Law (§ 2806, subd 5) and Correction Law (§ 701, subd 2) have both been amended by chapter 584 of the Laws of 1983, effective July 21, 1983. This amendment specifically negates the holding of *Matter of Hodes v Axelrod* (56 NY2d 930, *supra*).