In the Matter of SELMA GORDON, Respondent-Appellant, v KAREN BURSTEIN et al., Constituting the Civil Service Commission of the State of New York, et al., Appellants-Respondents, et al., Respondent.

Third Department, March 27, 1986

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (John Q. Driscoll* and *William J. Kogan* of counsel), for appellants-respondents.

*Richard E. Casagrande (Jeffrey G. Plant* of counsel), for respondent-appellant.

### OPINION OF THE COURT

Casey, J.

In the summer of 1982, respondent Department of Labor (DOL), as an economy measure, abolished some of the positions under the title of senior employment interviewer. As a result, both petitioner and respondent Edward Putzer were laid off while serving in that title in Suffolk County. By reason of his seniority, Putzer was offered and accepted a similar position in the DOL office in Westchester County. Due to the lack of a suitable available placement, petitioner was suspended and her name was placed on a preferred list in accordance with Civil Service Law § 81. Putzer developed a herniated disc and began to experience severe leg pain as the result of his 2½-hour trip each way from his home in Suffolk County to the Westchester County office. Consequently, Putzer went on sick leave in November 1982. A subsequent medical examination by the Employee Health Service at DOL's request indicated that Putzer was physically capable of performing the duties of his position, but that his back condition was aggravated by the long periods of driving. An appointment in DOL's New York City office was arranged, but Putzer declined

this assignment due to the traveling distance involved and requested that he be reassigned to either Nassau or Suffolk County. A vacancy having occurred in Suffolk County in the interim, Putzer's request was approved as of October 6, 1983 and he was reassigned to the Suffolk County vacancy despite the existence of the preferred list.

Petitioner complained to her union and, as a result, the propriety of Putzer's appointment to the vacancy in Suffolk County was challenged. It was finally administratively determined by the Civil Service Commission that respondent Department of Civil Service (DCS) had not abused its discretion or violated petitioner's rights by the reappointment of Putzer. Petitioner then instituted this CPLR article 78 proceeding claiming that Putzer's transfer violated Civil Service Law § 81, along with 4 NYCRR 5.1 (a) (1) and DCS' own policy forbidding reassignments in the face of a preferred eligible list.

Special Term found that the Putzer reassignment did not violate any statute or formally promulgated rule, but was, nevertheless, arbitrary and capricious because it was made pursuant to an ill-defined and standardless exception to DCS' policy of prohibiting reassignments when a preferred list exists. Special Term ordered that petitioner be awarded all salary and benefits to which she would be entitled had she been appointed to the Suffolk County vacancy instead of Putzer, and further ordered that DOL adjust petitioner's rights to reflect her entitlement to that position.

This appeal by all of the respondents except Putzer is from that part of the judgment that held the reassignment to be arbitrary and capricious and which granted petitioner's relief. Petitioner cross-appeals from Special Term's rejection of her argument that urged a violation of Civil Service Law § 81 and of the rules and regulations of DCS.

We agree with Special Term insofar as it found no violation of Civil Service Law § 81 in regard to Putzer's reassignment to Suffolk County. Petitioner urges that the statute prohibits the filling of any position for which a preferred list exists except by resort to the preferred list. In our view, the statute is not so limited and prohibits appointment to a position for which a preferred list exists only from "any other list". Putzer was not reappointed from "any other list", but was simply reassigned. The words of the statute are clear and unambiguous and must be construed according to their plain and ordinary meaning *(see, Matter of Shannon v Introne,* 80 AD2d 834, *affd* 53 NY2d

929; *Matter of Shea v Falk,* 10 AD2d 142, 144, *affd* 8 NY2d 1071). Clearly, the statute contains no prohibition of transfer or reassignment of one who is already employed in the same title.

We further agree with Special Term that Putzer's appointment did not violate 4 NYCRR 5.1 (a) (1). This regulation prohibits a *transfer* to a position for which a preferred list exists when there is an eligible person, such as petitioner, who is willing to accept reinstatement to such position, unless the vacancy created by the transfer is in the same geographical area and the eligible person is simultaneously offered reinstatement to such vacancy. There is, however, a decided and meaningful difference between a *transfer* and a *reassignment* *(see, Matter of Vrooman v Prevost,* 80 AD2d 933, 934). Each term is defined in the regulations *(see,* 4 NYCRR 1.2 [b]) and, since Putzer's move from Westchester County to Suffolk County involved only a change in location and not a change in the appointing authority or a change in title, it must be considered a reassignment *(see,* 4 NYCRR 1.2 [b] [2]; *Matter of Hanifin v Andrews,* 104 Misc 2d 381). Therefore, it is not violative of 4 NYCRR 5.1 (a) (1).

We disagree, however, with Special Term's conclusion that DCS' policy generally prohibiting reassignment to a position in the face of a preferred list represents a binding rule or regulation and that DCS' actions in permitting exceptions to this policy, based on individual circumstances, were without any articulated objective standards and so ill defined as to be arbitrary and capricious per se. In support of its decision, Special Term relied upon *Matter of Nicholas v Kahn* (47 NY2d 24). However, recent precedent demonstrates that it is "only a fixed, general principle to be applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of the statute it administers [which] constitutes a rule or regulation" *(Matter of Roman Catholic Diocese v New York State Dept. of Health,* 66 NY2d 948, 951), and an agency is often free to determine whether to proceed in a rule-making capacity or through case-by-case enforcement *(cf. Village of Herkimer v Axelrod,* 88 AD2d 704, 706, *affd* 58 NY2d 1069). We consider this standard to be applicable here. The policy of DCS was never intended to be absolute, for it has permitted past exceptions in appropriate circumstances. It is, therefore, concluded that the policy was merely an attempt to indicate to DCS personnel that reassignments in the face of preferred lists are not favored,

but may be permitted under compelling circumstances or on a case-by-case basis *(cf. supra)*. The policy constitutes a guideline which is to be considered as one factor in DCS' administrative determination and, therefore, the administrative determination in this article 78 proceeding must be judged on its own rationality *(see, Matter of Adelman v Bahou,* 85 AD2d 862, 863, *lv denied* 56 NY2d 502; *cf. Matter of Soljan v Bahou,* 60 AD2d 946). In the circumstances outlined above, the reassignment of Putzer can hardly be considered arbitrary and without a rational basis. Putzer was, after all, senior to petitioner and would have been entitled to the first vacancy if he had remained on and been appointed from the preferred list. Petitioner's rights were not adversely affected by Putzer's acceptance of the Westchester County vacancy and, because of his medically proven back condition, which was seriously aggravated by prolonged travel, the reassignment of Putzer to Suffolk County, even in the face of a preferred list and as an exception to a general policy, cannot be considered arbitrary or capricious.

MAHONEY, P. J., KANE, WEISS and LEVINE, JJ., concur.

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed.