KIAMESHA CONCORD, INC., et al., Appellants, v CHAIRMAN OF THE BOARD OF SUPERVISORS OF SULLIVAN COUNTY et al., Respondents.

Third Department, May 9, 1991

## APPEARANCES OF COUNSEL

*Cooke & Davis (Monroe R. Davis* of counsel), for appellants.

*William C. Rosen (Robert S. Gaiman* of counsel), for respondents.

## OPINION OF THE COURT

HARVEY, J.

This declaratory judgment action was commenced by plaintiffs, all operators of various resort hotels located in Sullivan County.[1] Plaintiffs sought a declaration that section 302 (e) of Local Laws, 1989, No. 5 of Sullivan County (hereinafter the local law) was invalid as being in conflict with its enabling legislation, Tax Law § 1202-j (added by L 1989, ch 353, § 1). Plaintiffs argued before Supreme Court that section 302 (e) of the local law attempted to redefine or enlarge upon and alter the definition of a tax exempt organization as set forth in Tax Law § 1202-j and was, therefore, invalid. Supreme Court disagreed and dismissed the complaint on the merits. This appeal followed.

This appeal concerns the hotel and motel occupancy tax for Sullivan County described in Tax Law § 1202-j, which empowers the county to adopt and amend local laws in order to impose such a tax. Tax Law § 1202-j (5) (c) describes the type of organizations entitled to claim exemption from the tax,

---

1. Plaintiffs originally commenced this matter as a CPLR article 78 proceeding but Supreme Court converted it to a declaratory judgment action.

such as religious or charitable organizations.[2] Pertinent to this appeal, however, is section 302 (e) of the local law, which provides in part as follows: "Where an occupant claims exemption from the tax under the provisions of section 304, the rent shall be deemed taxable hereunder unless the operator shall receive from the occupant claiming such exemption a certificate duly executed by an exempt corporation or association certifying that the occupant is its agent, representative, or employee, together with a certificate executed by the occupant that his occupancy is paid or to be paid by such exempt corporation or association, and is necessary or required in the course of or in connection with the occupant's duties as a representative of such corporation or association."

■ Although plaintiffs contend that section 302 (e) of the local law impermissibly conflicts with Tax Law § 1202-j (5) (c), we cannot agree. Where there is no ambiguity, the general rule is that statutory or regulatory language is to be construed according to the ordinary and plain sense of its words (*see, Matter of Gordon v Burstein,* 116 AD2d 85, 87, *lv denied* 68 NY2d 603; McKinney's Cons Laws of NY, Book 1, Statutes § 94). As a comparison of the subject provisions demonstrates, all Tax Law § 1202-j (5) (c) does is describe the organizations entitled to a tax exemption while section 302 (e) of the local law establishes the *manner* in which an individual or group seeking an exemption from the occupancy tax must establish such entitlement. Because no conflict is apparent, plaintiffs' challenge to section 302 (e) on this ground was properly rejected by Supreme Court.

■ Similarly meritless is plaintiffs' contention that section 302 (e) of the local law is invalid because it requires documentation beyond that required by the pertinent Department of Taxation and Finance regulations *(see,* 20 NYCRR 527.9 [d] [4]; 529.7 [h]). Specifically, plaintiffs point out that while the regulation requires only that an exempt organization furnish the operator of the hotel with a properly completed "exempt organization certificate" (20 NYCRR 527.9 [d] [4] [i]), section 302 (e) of the local law further requires individual members to file a certificate stating that their occupancy is being paid by the exempt organization and that said occupancy is required in the course of the members' duties with the organization.[3]

---

**2.** Notably, section 304 (a) (iii) of the local law is identical to Tax Law § 1202-j (5) (c).

**3.** In effect, the local law requires occupants from exempt organizations

However, although plaintiffs contend that this additional requirement on such occupants is unduly burdensome and unnecessary (particularly where the initial sale is made to the tax exempt organization which, in turn, then "sells" the room to its members), we cannot agree. A reading of the pertinent regulations reveals that there are situations where individual members of a tax exempt organization would still be subject to the tax despite the initial tax exempt sale to the organization, such as where the individual member pays the hotel operator directly (20 NYCRR 527.9 [d] [4] [iii]) and where the occupancy is for personal as opposed to organizational use (20 NYCRR 529.7 [h] [4]).

■ Consequently, given the fact that the local law in question furthers the purpose behind its enabling legislation and given also the principle that tax exemptions are to be narrowly construed against the party seeking the exemption (see, e.g., Matter of Modern Refractories Serv. Corp. v Dugan, 164 AD2d 69, 72), we find no reason under these circumstances to grant plaintiffs the relief they seek. We must note in conclusion, however, that although Supreme Court correctly decided this case on the merits, it erred in dismissing the complaint rather then issuing a declaration in defendants' favor (see, Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954). As a result, we must reverse in order to make the appropriate declaration.

Weiss, J. P., Yesawich, Jr., Levine and Mercure, JJ., concur.

Order reversed, on the law, without costs, it is declared that Local Laws, 1989, No. 5 of Sullivan County § 302 (e) has not been shown to be invalid.

___

to file certificates similar to those used by State employees who have to stay in hotels in conjunction with their State duties at State expense.