OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, the CPLR article 75 petition dismissed and the arbitration award confirmed.
The issue presented on leave to appeal granted by this Court is whether the public policy reflected in a 1986 amendment to Education Law § 1711 should apply to the 1988 arbitral resolution of a dispute under a 1985 collective bargaining agreement.
The Greenburgh Board of Education failed to consider seniority in transferring a teacher to a different grade level position. Though the 1985 collective bargaining agreement required consideration of that factor, public policy at that time forbade delegation of the transfer to negotiation between the parties (see, Matter of Sweet Home Cent. School Dist. v Sweet Home Educ. Assn., 58 NY2d 912). The arbitrator’s award in 1988 gave effect to the pertinent provision of the agreement and ordered the return of the teacher to her kindergarten class. By that time, the Legislature had nullified the public policy reflected in the Sweet Home case (see, Matter of Board of Educ. v Arlington Teachers Assn., 78 NY2d 33).
The School Board’s argument characterized as nonretroactivity of the amended Education Law § 1711 is unavailing, since the issue is not retroactivity of a statute, but instead application of new and extant public policy. Controversies of this kind should be decided on the basis of public policy operative at the time of decision (Matter of Board of Trustees [Maplewood Teachers’ Assn.], 57 NY2d 1025, 1027; Matter of Hodes v Axelrod, 56 NY2d 930, 932). The arbitrator’s award in this case is consistent with Education Law § 1711, as amended, and the award reflects current public policy, which states: "the power and duties of superintendents of schools with regard to the transfer of teachers may be modified by an agreement negotiated pursuant to the provisions of the civil service law” (L 1986, ch 843, § 1 [legislative intent]).
*773 Finally, the School Board’s argument that the arbitrator’s award was irrational is without merit.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur in memorandum; Judge Levine taking no part.
Order reversed, etc.